IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES C. SCHUSTER,

   Plaintiff,

    v.

HENRY COUNTY, GEORGIA, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:05-CV-239-TWT

ORDER

This is a First Amendment retaliation action. It is before the Court on the Defendants' Motion to Dismiss [Doc. 28]. For the reasons set forth below, the Defendants' motion is DENIED.

I. BACKGROUND

The Plaintiff, James Schuster, was originally hired by Defendant Henry County as Director of Finance in May, 1999. Shortly after Defendant Linda Angus took office as the County Manager in January, 2003, the Plaintiff protested the County's disbursal to her of a monthly expense allowance of $500.00. He claimed that this money was not properly considered as salary and should be subject to withholding tax. He also objected to a provision in her employment contract that provided her with a payment of approximately $40,000.00 as reimbursement for moving expenses and

salary advance.  The Plaintiff again believed this should have been treated as salary subject to withholding.  He spoke to the County Attorney, other employees in the finance department, and County auditors regarding this issue.  In March, 2003, shortly after voicing his objections, the Plaintiff was transferred from his position as Director of Finance to Finance Manager for the Special Purpose Local Option Sales Tax ("SPLOST").  His former position remained open, and the Plaintiff contends that this transfer was a demotion in retaliation for his objections to Angus's receipt of County funds. (Compl., ¶ 9.)

In January, 2004, the Plaintiff's position at SPLOST was eliminated, and he was not offered any alternate position of employment with the County.  He claims that this "termination" constituted further retaliation by the Defendants after he spoke out at a Public Works Committee meeting about the need for financial accountability in the SPLOST program. (Compl., ¶ 18.)  The Plaintiff appealed to Defendant Angus, but she affirmed the decision to eliminate his position.  He then appealed to the County Board of Commissioners, but they declined to review Angus's decision.  The Plaintiff subsequently filed an action with the Henry County Superior Court seeking review by certiorari of the County's termination decision.  In an order dated October 19, 2004, the state court made the following findings: (1) the Plaintiff's position with the County was eliminated; (2) the County had provided due process when the County

Manager heard the Plaintiff's appeal and upheld the elimination of his position; (3) the denial of certiorari by the Board of Commissioners was discretionary and did not violate the Plaintiff's rights; (4) the Plaintiff could have previously petitioned the state court for a writ of certiorari from Defendant Angus's decision, but the 30 day statute of limitations for such an action had expired. (Defs.' Mot. to Dismiss, Ex. B.)

On January 27, 2005, the Plaintiff brought this lawsuit, claiming that the Defendants violated his First Amendment rights by firing him in retaliation for his speech on matters of public concern. The Defendants claim that because this lawsuit seeks to reverse a decision by a state court, it must be dismissed under the Rooker-Feldman doctrine.

## II.  MOTION TO DISMISS STANDARD

A complaint should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the plaintiff's claims for relief. Fed. R. Civ. P. 12(b)(6); see Conley v. Gibson, 355 U.S. 41, 47 (1957); Linder v. Portocarrero, 963 F.2d 332 (11th Cir. 1992). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983). Generally, notice pleading is all that is required for a valid complaint. See

Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).  Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  Id.

### III. DISCUSSION

The Defendants claim that the Rooker-Feldman doctrine requires this Court to dismiss the Plaintiff's lawsuit for lack of jurisdiction.  This doctrine, arising out of the two Supreme Court cases for which it is named, generally precludes a plaintiff from bringing in federal court claims that have already been decided in a state court proceeding.  It is based on 28 U.S.C. §§ 1257 and 1331, which respectively give the United States Supreme Court authority to review decisions by a state's highest court. In Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), the plaintiff commenced a suit in federal court to nullify a judgment by an Indiana state court.  The Supreme Court, however, ruled that a lower federal court had no authority to review the state court's decision.  Id. at 416.  Sixty years later, in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), two disappointed District of Columbia Bar applicants commenced a federal lawsuit challenging the Court of Appeals' rejection of their applications.  The Supreme Court held that a district court did not have the authority to review another court's decision where the plaintiffs' federal claims were "inextricably intertwined" with that decision.  Id. at 486-87.  This language has been

broadly interpreted to prohibit a plaintiff from bringing in federal court a claim that he had a reasonable opportunity to bring in state court.  See, e.g., Simes v. Huckabee, 354 F.3d 823, 827 (8th Cir. 2004); Amos v. Glynn County Bd. of Tax Assessors, 347 F.3d 1249, 1265 n.11 (11th Cir. 2003); Long v. Shorebank Dev. Corp., 182 F.3d 548, 558 (7th Cir. 1999).

The Supreme Court's most recent decision addressing Rooker-Feldman, however, has established a much more limited scope for the doctrine.  In Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 125 S. Ct. 1517 (2005), the Supreme Court outlined the circumstances under which the doctrine will apply: "The Rooker-Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. at 1521-22 (emphasis added).  Importantly, the Court went even further, explaining that the federal court's jurisdiction exists as long as the federal plaintiff "present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party." Exxon Mobil, 125 S. Ct. at 1527 (quoting GASH Assocs. v. Village of Rosemont, Ill., 995 F.2d 726, 728 (7th Cir. 1993)).  This is a marked departure from the more expansive reading of "inextricably intertwined"

that had been applied in the Eleventh Circuit and other jurisdictions. See Simes, 354 F.3d at 827; Amos, 347 F.3d at 1265 n.11; Wood, 715 F.2d at 1546-1547.

The Eleventh Circuit has not yet published an opinion applying the principles of Exxon Mobil to a Rooker-Feldman dispute.[1]  Another circuit, however, has established a four-part test for determining when the doctrine applies based on this latest Supreme Court opinion.  In Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005), the Second Circuit required a showing of the following elements in order to apply Rooker-Feldman: (1) the federal plaintiff lost in state court; (2) the plaintiff now complains of injuries caused by the state court judgment; (3) the plaintiff asks the district court to review and reject the state court judgment; (4) "the state-court judgment must have been rendered before the district court proceedings commenced." Id. at 85 (citations and punctuation omitted).

---

[1] The Eleventh Circuit has issued several unpublished opinions that do not acknowledge the "independent claim" language in Exxon-Mobil.  May v. Capote, 2005 WL 2203148 (11th Cir. Sept. 15, 2005); Industrial Commc'ns and Elecs., Inc. v. Monroe County, 134 Fed. Appx. 314 (11th Cir. 2005).  In both cases, the court reaffirmed prior rulings that the Rooker-Feldman doctrine prevents all claims that the plaintiff had a reasonable opportunity to bring in state court.  May, 2005 WL 2203148, at *2 (citing Amos, 347 F.3d at 1265 n.11); Industrial Commc'ns and Elecs., Inc., 134 Fed. Appx. at 317 (citing Wood v. Orange County, 715 F.2d 1543, 1546-47 (11th Cir. 1983)).  This opinion, however, was not published and is thus non-binding.  See Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).

The second and third elements of this four-pronged test, described as the substantive requirements, demonstrate the limited scope of the doctrine and are mirrored in recent opinions from other circuits. See Manufactured Home Communities Inc. v. City of San Jose, 420 F.3d 1022, 1029-30 (9th Cir. 2005); Executive Arts Studio, Inc. v. City of Grand Rapids, 391 F.3d 783, 794-95 (6th Cir. 2004); Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003); GASH Assocs., 995 F.2d at 728. Under the second prong, the Plaintiff must complain of an injury caused by the state court, not simply of the court's affirmation of an injury created by a third party. Hoblock, 422 F.3d at 85; Noel, 341 F.3d at 1163. Assume, for example, that a plaintiff brings both a state anti-discrimination and federal Title VII lawsuit against his employer in state court. Hoblock, 422 F.3d at 87-88. Under Rooker-Feldman, an adverse judgment in the state court would not prevent that plaintiff from then bringing the same suit in federal court because the injury complained of was caused by the employer, not the state court judgment.[2] Id. Under the third requirement of this test, moreover, a plaintiff must be asking the federal court to review and reject a state court decision. In delineating the boundaries for this requirement, the "independent claim" language in Exxon Mobil suggests that a plaintiff does not run afoul of Rooker-

---

[2] The subsequent federal lawsuit would, however, be barred under "ordinary preclusion principles." Hoblock, 422 F.3d at 88 n.6 (citing Exxon Mobil, 125 S. Ct. at 1527).

Feldman merely by asking for a result that differs from the one he received in state court. Hoblock, 422 F.3d at 87.  In order for his state and federal claims to be deemed "inextricably intertwined" for the purposes of Rooker-Feldman, he must actually be seeking a "de facto appeal" from the state court decision.  Manufactured Home Communities Inc., 420 F.3d at 1030; Noel, 341 F.3d at 1166.

This illustrative analysis of Rooker-Feldman's requirements after Exxon Mobil demonstrates why the doctrine should not be applied in the present case.  As exhibited by Hoblock's Title VII hypothetical, a plaintiff who suffers an adverse employment action and is denied relief by the state court does not go to federal court seeking redress from a state court injury.  Similarly here, the Plaintiff's loss of employment was caused by the Defendants, not the court, and it is from that injury that the Plaintiff now seeks relief.

More importantly, the Plaintiff is not requesting a reversal of the state court judgment.  In this instance, the state court merely affirmed that the Plaintiff's job was eliminated.  (Defs.' Mot. to Dismiss, Ex. B.)  That determination does not, however, prevent the Plaintiff from being able to demonstrate the requirements for a First Amendment retaliation claim.  In this context, it is the loss of employment that constitutes an actionable injury.  Beckwith v. City of Daytona Beach Shores, Fla., 58 F.3d 1554, 1563 (11th Cir. 1995).  A discriminating employer, moreover, can never

avoid civil liability simply by classifying an employee's firing as a job elimination rather than as a termination of employment.  See Sullivan v. National R.R. Passenger Corp., 170 F.3d 1056, 1059 (11th Cir. 1999) (recognizing that a plaintiff who claimed his job was eliminated in retaliation for filing a sexual harassment lawsuit had suffered an adverse employment action); Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045-46 (11th Cir. 1989) (holding that, where an employer undergoes a reduction-in-force, an employee may establish a prima facie case of age discrimination by showing that he was in a protected group and was adversely affected by that employment decision). Based on these principles established in the Exxon Mobil and clarified in Hoblock, this Court holds that the Rooker-Feldman doctrine does not prohibit the Plaintiff from bringing this lawsuit in federal court.  The Defendants' Motion to Dismiss is thus unwarranted.

## IV. CONCLUSION

For the reasons set forth above, the Defendants' Motion to Dismiss [Doc. 28] is DENIED.

SO ORDERED, this 8 day of December, 2005.

        /s/Thomas W. Thrash
        THOMAS W. THRASH, JR.
        United States District Judge